IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DARVIS LAKEITH ALLEN,<br>　　　　Plaintiff,<br>v.<br><br>CONTESSA SMITH and<br>JOYCE ROBBINS,<br>　　　　Defendants. | )<br>)<br>)　No. 3:22-CV-1642-G-BH<br>)<br>)<br>)<br>)　Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the plaintiff's claims should be **DISMISSED**.

**I. BACKGROUND**

On July 28, 2022, Darvis LaKeith Allen (Plaintiff), a former state inmate now on parole, sued his parole officer, Contessa Smith (Officer), and her supervisor, Joyce Robbins (Supervisor), (collectively Defendants), alleging they are intentionally trying to violate his conditions of parole in violation of his constitutional rights to due process. (doc. 3 at 5.)[2] He subsequently filed two documents with exhibits, which appear to be supplements to his complaint, in which he provided additional details about his claims. (*See* docs. 9, 15.)

According to the exhibits, Officer reported parole violations by Plaintiff in April 2022. (doc. 9 at 39.) Defendants later recommended that a summons should be issued, but an arrest warrant was issued because he was not eligible for a summons. (*Id.* at 42.) On June 30, 2022, Plaintiff was arrested and detained in the local county jail for 30 days. (*Id.* at 13.) He was release from jail on July 27, 2022, and currently resides at a halfway house. (docs. 9 at 13; 15 at 1.)

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Plaintiff alleges that Defendants violated various federal civil and criminal statutes when they (1) reported falsified parole violations, (2) forged official state documents, (3) had him arrested and detained in a county jail, (4) discriminated against him on the basis of his mental disability by booking him under a fictitious name, (5) retaliated against him by issuing a false urinalysis report, and (6) conspired with police to keep him physically restrained at jail and deprive him of "life, liberty, and property." (doc. 9 at 2, 4, 12, 19, 24, 32, 37, 38, 44.) He also alleges that they are conspiring to evict him by "using terroristic acts" to force him into another halfway house. (doc. 15 at 1-2.) He seeks an "emergency temporary injunction against the defendants under color code of law," and release from parole or transfer of his parole. (docs. 3 at 4-5; 9 at 44.) No process has been issued.

## II. PRELIMINARY SCREENING

Plaintiff is a state prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A, known as the Prison Litigation Reform Act (PLRA).[3] *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

---

[3] Plaintiff alleges that he is paroled and resides in a halfway house. (doc. 15 at 1.) Section 1915(h) provides, "As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." Accordingly, Plaintiff is a prisoner for purposes of the PLRA. *See Jackson v. Johnson*, 475 F.3d 261, 265-67 (5th Cir. 2007) (holding that person released on parole and placed in a halfway house was a prisoner under the PLRA).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts follow the same analysis in determining whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) as when ruling on a motion to dismiss under Rule 12(b)(6). *See Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011) (per curiam). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

### III.  SECTION 1983

Plaintiff allegations that Defendants are "intentionally trying to violate [his] conditions of parole which is a constitutional injury due to [his] rights of due process," and that they conspired with the police to deprive him of his constitutional rights, (docs. 3 at 5; 9 at 27), are liberally construed as asserting claims under 42 U.S.C. § 1983.

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.* To state a claim, a plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005). To establish a conspiracy claim under § 1983, a plaintiff must show that there was an agreement among the alleged co-conspirators to deprive him of constitutional rights and that a deprivation actually

3

occurred. *See Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994).

A. **Eleventh Amendment Immunity**

Plaintiff appears to sue Defendants in their official capacities only.[4] An official capacity claim is merely another way of pleading an action against the entity of which the individual defendant is an agent. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Plaintiff's suit against Defendants in their official capacities is a suit against the State. *See Aguilar v. Texas Dep't of Crim. Just.*, 160 F.3d 1052, 1054 (5th Cir. 1998) (explaining that Eleventh Amendment bars suits against state officials who are sued in their official capacities regardless of whether monetary damages or injunctive relief is sought); *McKinley v. Abbott*, 643 F.3d 403, 406 (5th Cir. 2011) ("Eleventh Amendment immunity extends to state officials who are sued in their official capacities because such a suit is actually one against the state itself."); *see also Littles v. Bd. of Pardons & Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995) (per curiam) ("The Texas Board of Pardon and Paroles, a division of the Texas Department of Criminal Justice, is cloaked with Eleventh Amendment immunity.").

The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens or Subjects of any Foreign State." "This withdrawal of jurisdiction effectively

---

[4] When a plaintiff does not specify the capacity in which he sues, courts look to the course of proceedings to determine the capacity in which a defendant is sued. *See United States ex rel. Adrian v. Regents of Univ. of Ca.*, 363 F.3d 398, 402-03 (5th Cir. 2004) (noting that while it was unclear whether the complaint named employees in their official or personal capacities, the course of proceedings demonstrated that they were only named in their official capacities, and plaintiff had not challenged the assertion that the employees should be dismissed because they were only named in their official capacities); *Harmon v. Dallas Cty.*, 294 F. Supp.3d 548, 569 n.6 (N.D. Tex. 2018) (noting that courts generally look to the course of the proceedings to determine the nature of liability sought to be imposed when a plaintiff does not specify the capacity in which an official is sued); *but see Douglas v. Gusman*, 567 F. Supp.2d 877, 888-89 (E.D. La. 2008) (when a *pro se* plaintiff does not specify whether a defendant in named in his official or individual capacity, it is generally presumed by operation of law that the defendant is named in his official capacity) (citations omitted). Because Plaintiff is seeking injunctive relief against Defendants "under color [ ] of law," his complaint is liberally construed as suing them in their official capacities. *See Mayfield v. Tex. Dep't Crim. J.*, 529 F.3d 599, 604-05 (5th Cir. 2008) (liberally construing claim for prospective injunctive relief as an official capacity claim).

confers an immunity from suit." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). Therefore, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). This immunity applies to both federal and state law claims brought in federal court. *See Raj v. La. State Univ.*, 714 F.3d 322, 328-29 (5th Cir. 2013) (determining that sovereign immunity bars both federal and state law claims brought in federal court).

      The Supreme Court has created an exception to Eleventh Amendment immunity for suits for injunctive or declaratory relief against individual state officials. *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019) (citing *Ex parte Young*, 209 U.S. 123, 155-56 (1908)); *see also Nelson v. Univ. of Tex. at Dallas*, 535 F.3d 318, 321-22 (5th Cir. 2008) ("Pursuant to the *Ex Parte Young* exception, the Eleventh Amendment is not a bar to suits for prospective relief against a state employee acting in his official capacity."). Under the *Ex parte Young* exception, "claims against state officials for prospective injunctive relief under § 1983 ... are not barred by sovereign immunity." *Kobaisy v. Univ. of Miss.*, 624 F. App'x 195, 198 (5th Cir. 2015) (citing *Nelson*, 535 F.3d at 324). For the exception to apply, the suit must "(1) be brought against state officers who are acting in their official capacities; (2) seek prospective relief to redress ongoing conduct; and (3) allege a violation of federal, not state, law." *Williams on Behalf of J.E. v. Reeves*, 954 F.3d 729, 736 (5th Cir. 2020) (citing *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 394 (5th Cir. 2015)). "In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002) (citations, quotations, and

5

alterations omitted). "[T]he inquiry into whether suit lies under *Ex parte Young* does not include an analysis of the merits of the claim." *Id.* at 646.

Here, Plaintiff seeks an "emergency temporary injunction" against Defendants, but does not specify the conduct he seeks to enjoin or action he seeks to enforce. (doc. 3 at 5.) His pleadings do not plausibly allege an ongoing violation of federal law and a request for relief that is "properly characterized as prospective," however. *Verizon*, 535 U.S. at 645. His claims against Defendants center on past conduct involving the parole revocation process against him and his temporary detention in county jail. *See Turnage v. Britton*, 29 F.4th 232, 239 (5th Cir. 2022) ("*Young* does not apply when the injurious conduct occurred 'at one time or over a period of time in the past.' ") (citations omitted). To the extent Plaintiff's allegations regarding his move to another halfway house could be construed as ongoing, he does not allege a continuing violation of federal law or otherwise show how such conduct violates his constitutional rights. *See Bocanegra v. Bell*, 482 F. App'x 907, 908 (5th Cir. 2012) (noting that a prisoner does not have a constitutional right to be housed in a particular facility); *see also Steele v. Pardon of Parole*, No. 4:20-CV-1002-P, 2021 WL 1881034, at *1 (N.D. Tex. Mar. 26, 2021) ("A parolee has no constitutional right to reside or be housed at any particular facility."). Because Plaintiff's complaint fails to allege that Defendants have engaged in any ongoing violation of federal law, the *Ex parte Young* exception does not apply. *See Turnage*, 29 F.4th at 239; *Bailey v. Willis*, No. 4:17-CV-00276-ALM-CAN, 2018 WL 3321461, at *5 (E.D. Tex. Jan. 11, 2018), *adopted by* 2018 WL 2126476 (E.D. Tex. May 8, 2018) ("Failure to allege an ongoing violation of federal law defeats a claim for injunctive relief."); *see, e.g., Citizens Against the Bar v. Travis Cty.*, No. A-13-CV-528-LY, 2014 WL 7338891, at *1, *3-4 (W.D. Tex. Dec. 22, 2014) (finding claims for prospective relief barred because plaintiffs had failed to allege any

6

ongoing violation of federal law), *adopted by* 2018 WL 2126476 (E.D. Tex. May 8, 2018). Plaintiff's claims against Defendants should therefore be dismissed on the basis of sovereign immunity.

**B.   Habeas Relief**

Plaintiff seeks to be released from parole or to have his parole transferred. (doc. 9 at 44.) Habeas relief is an inappropriate remedy in a § 1983 action, however. *See Wolff v. McDonnell*, 418 U.S. 539, 554 (1974) (release is an inappropriate remedy in a § 1983 action). A prisoner cannot challenge the fact or duration of confinement. *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973)). He may only do so within the exclusive scope of habeas corpus. *See Preiser*, 411 U.S. at 487; *see also Woods v. Chapman*, 239 F. App'x 35, 37 (5th Cir. 2007) (per curiam) (finding plaintiff's claim for declaratory relief seeking "in essence just a challenge to his conditions of parole" should have been pursued in a habeas corpus proceeding under 28 U.S.C. § 2254). Because Plaintiff may not obtain habeas relief in a § 1983 action, he fails to state a cause of action upon which relief may be granted on any claim for release from parole.

## VI. RECOMMENDATION

The plaintiff's official capacity claims against the defendants should be **DISMISSED without prejudice** for lack of subject matter jurisdiction, and his claim for habeas relief should be **DISMISSED with prejudice** for failure to state a claim.

**SIGNED this 3rd day of November, 2023.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE